IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

UNITED STATES OF AMERICA


     vs.       Criminal Action No. 03-35E

JENNIFER HOLLAND

         Defendant

_____


PROCEEDINGS

Transcript of CHANGE OF PLEA commencing on
THURSDAY, JANUARY 28, 2004, United States District Court,
Erie, Pennsylvania, before Honorable MAURICE B. COHILL,
Senior U.S. District Judge.

APPEARANCES:

For the Government:   US Attorney's Office
         By:  CHRISTIAN TRABOLD, ESQ.
         Erie, Pennsylvania

For the Defendant:    FEDERAL PUBLIC DEFENDER'S OFFICE
         By: THOMAS PATTON, ESQ.
         Erie, Pennsylvania

         Reported by:
         Patricia Sherman
         Official Court Reporter
         1017-A USPO & Courthouse

file:///A|/HOLLAND.TXT

Pittsburgh, Pennsylvania 15219
(412) 281-6855

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.

2

1        P R O C E E D I N G S

2        MR. TRABOLD:  Before we start, do you have a copy

3 of the indictment?  I know I gave you a copy of the

4 indictment memo.

5        THE COURT:  Yes.  I have a copy.  I thought you

6 wanted to borrow it.

7        MR. TRABOLD:  No, I have it.  I just wanted to make

8 sure you have it.

9        THE COURT:  Mr. Williams, will you administer the

10 oath to Ms. Holland?

11            * * * * *

12        JENNIFER HOLLAND, the defendant, having been first

13 duly sworn, testified further as follows:

file:///A|/HOLLAND.TXT

14      THE DEFENDANT:  I do.

15      THE COURT:  You can be seated again.

16      Would you state your name for the record?

17      THE DEFENDANT: Jennifer Veronica Holland.

18      THE COURT: Ms. Holland, you are named as a

19 defendant in a one count federal Grand Jury indictment here

20 which was filed at Criminal Action No. 03-35 Erie.

21      On August 7, 2003, you indicated you wanted to

22 plead guilty to the offense charged and did consent to

23 transfer of this case to this district.

24      As I understand it, the case originated in the

25 District of Hawaii, and it's my understanding that today,

3

1 you've indicated a wish to plead guilty with respect to the

2 sole count of the indictment; is that correct?

3      THE DEFENDANT:  Yes, Your Honor.

4      THE COURT:  There are a number of constitutional

5 rights that you have that I want to go over with you before

6 accepting a guilty plea.

7         I think the first thing to do is to read the

8 indictment to you.  I'm sure you've gone over it with

9 Mr. Patton, but I think it's got to be clear on the record

10 that we have reviewed with you the indictment.

11        This states, the Grand Jury charges on or about

12 August 3, 1998, in the District of Hawaii, Jennifer V.

13 Holland did knowingly possess a computer hard drive which

14 contained visual depictions of minors engaged in sexually

15 explicit conduct which Jennifer V. Holland knowing that the

16 production of such visual depictions involved the use of

17 minors engaged in sexually explicit conduct and that such

18 depictions were of such conduct and which depictions had been

19 transported in interstate and foreign commerce and had been

20 produced using materials which had been shipped in and

21 transported in interstate and foreign commerce in violation

22 of Title 18, United States Code, Section 2252(a)(4)(B).

23        This indictment was dated in Honolulu, Hawaii

24 October 3, 2002.

25        Now, I want to go over with you some preliminary

4

file:///A|/HOLLAND.TXT

1 questions, Ms. Holland, before we get to the actual -- your

2 decision about whether or not you still want to plead guilty.

3       Would you give us your date of birth?

4       THE DEFENDANT: 7-19, 1967.

5       THE COURT: What is your present address?

6       THE DEFENDANT: 26 North Park Row, Apartment 17,

7 Erie, Pennsylvania, 16501.

8       THE COURT: How far did you go in school?

9       THE DEFENDANT:  Twelfth grade.

10      THE COURT:  Mr. Patton, have you been able to

11 communicate with your client in the sense that you believe

12 she understands you and you understand her?

13      MR. PATTON:  Yes, Your Honor.

14      THE COURT:  Ms. Holland, are you currently or have

15 you recently been under the care of a physician or

16 psychiatrist?

17      THE DEFENDANT:  Yes, I have, Your Honor.

18      THE COURT:  What sort of treatment?

19      THE DEFENDANT:  For depression.

20      THE COURT:  Is that a psychiatrist that's been

21 treating you?

file:///A|/HOLLAND.TXT

22      THE DEFENDANT:  Medical doctor.

23      THE COURT:  Have you ever been hospitalized or

24 treated for narcotic addiction?

25      THE DEFENDANT: No.


5


1      THE COURT: Have you ever been hospitalized or

2 treated for alcohol abuse?

3      THE DEFENDANT:  No, Your Honor.

4      THE COURT: Have you, other than what you told me

5 about your seeing the physician now, have you ever been

6 hospitalized for any sort of mental illness?

7      THE DEFENDANT:  No.

8      THE COURT:  Are you under the influence of any

9 narcotic drug, medicine, pills or alcoholic beverage today?

10      THE DEFENDANT:  No.

11      THE COURT:  Have you taken any drugs, medicine or

12 pills or drunk any alcoholic beverages in the past 24 hours?

13      THE DEFENDANT:  No.

14      THE COURT:  How do you feel physically and mentally

15 right now?

file:///A|/HOLLAND.TXT

16    THE DEFENDANT:  I'm fine, Your Honor.

17    THE COURT:  Do you clearly understand exactly what

18 is happening here and now?

19    THE DEFENDANT:  Yes, I do.

20    THE COURT: Do either of you attorneys have any

21 doubt as to the defendant's competence to enter a plea at

22 this time?

23    Mr. Patton?

24    MR. PATTON: No, Your Honor.

25    THE COURT:  Mr. Trabold?

6

1    MR. TRABOLD:  No, Your Honor.

2    MR. PATTON:  Your Honor, I do believe you should

3 inform Ms. Holland that since she has been placed under oath,

4 that her answers to your questions are subject to the

5 penalties of perjury.

6    THE COURT:  Good point.

7    You should understand, Ms. Holland, that now that

8 you have been sworn, that your answers to my questions are

file:///A|/HOLLAND.TXT

9 now being given under oath.  That you would be subject to the

10 penalties of perjury or of making a false statement if you

11 don't answer truthfully.

12       You understand that?

13       THE DEFENDANT:  Yes, Your Honor.

14       THE COURT:  Based on Ms. Holland's answers to the

15 foregoing questions, we find that she is competent to plead.

16       Have you had an ample opportunity to discuss your

17 case with Mr. Patton?

18       THE DEFENDANT:  Yes, I have.

19       THE COURT:  Have you told him all of the facts in

20 connection with the charges?

21       THE DEFENDANT:  Yes, I have.

22       THE COURT:  Are you satisfied with the job that he

23 has done for you?

24       THE DEFENDANT: I am.

25       THE COURT:  Now, I want you to understand that or

7

1 ask you, do you understand that under the Constitution and

2 laws of the United States, you are entitled to a speedy and

file:///A|/HOLLAND.TXT

3 public trial by a jury on the charges contained in the

4 indictment?

5        THE DEFENDANT:  Yes, I am, Your Honor.

6        THE COURT:  Do you understand that you have the

7 right to an attorney at every stage of the proceedings in

8 your case, and that if at any time you can't afford an

9 attorney, one will be provided for you without charge?

10       THE DEFENDANT:  Yes.

11       THE COURT:  Do you understand that at your trial,

12 you would be presumed to be innocent, and the government

13 would be required to prove you guilty by competent evidence

14 and beyond a reasonable doubt to the satisfaction of the

15 judge and the unanimous jury?

16       THE DEFENDANT:  Yes, Your Honor.

17       THE COURT:  Do you understand that being presumed

18 to be innocent means that you would not have to prove that

19 you were innocent?

20       THE DEFENDANT:  Yes.

21       THE COURT:  Do you understand that at the trial,

22 the witnesses for the government would have to come to court

23 and testify in your presence, and your attorney or you could

file:///A|/HOLLAND.TXT

24 cross examine the witnesses for the government, object to

25 evidence offered by the government, and offer evidence on

8

1 your behalf?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Do you understand that at the trial,

4 you would be entitled to compulsory process to call

5 witnesses, that is, you could subpoena witnesses and compel

6 them to come to court to testify for you?

7        THE DEFENDANT:  Yes.

8        THE COURT:  Do you understand that at the trial,

9 you would also have the right to testify if you chose to do

10 so, but you would also have the right not to testify and no

11 inference or suggestion of guilt could be drawn from the fact

12 that you did not testify?

13        THE DEFENDANT:  Yes.

14        THE COURT:  If you do enter a plea of guilty today,

15 do you understand that you will be waiving your right to a

16 trial and the other rights that I have just described, there

17 will not be a trial of any kind, and I will enter a judgment

file:///A|/HOLLAND.TXT

18 of guilty and sentence you on the basis of your guilty plea

19 after considering a presentence report?

20      THE DEFENDANT:  Yes.

21      THE COURT:  If you do enter a plea of guilty today,

22 do you understand that you will also have to waive your right

23 not to incriminate yourself since I will ask you questions

24 about what you did in order to satisfy myself that you are

25 guilty, and you will have to acknowledge your guilt on the

9

1 record?

2      THE DEFENDANT:  Yes.

3      THE COURT:  Do you understand that any statements

4 regarding the event that you may have made to the U. S.

5 Attorney during the course of any plea negotiations,

6 statements, that could not be used against you in a trial of

7 this case?

8      THE DEFENDANT:  Yes.

9      THE COURT:  Having discussed these rights with you,

10 is it still your wish to enter a plea of guilty today?

file:///A|/HOLLAND.TXT

11        THE DEFENDANT: Yes, it is, Your Honor.

12        THE COURT:  I take it you've discussed the

13 indictment with your attorney?

14        THE DEFENDANT:  Yes, I have.

15        THE COURT:  I want to go over with you now just

16 what the possible penalties are and what the government would

17 have to prove if the case were to go to trial.

18        In order for this crime to be established, the

19 government has to establish three so-called elements of the

20 offense.

21        The first thing they would have to prove is that

22 you knowingly possessed one or more items which contained a

23 visual depiction of a minor engaged in sexually explicit

24 conduct.

25        Secondly, they have to prove that the item which

10

1 contained the visual depiction had been mailed, transported

2 or shipped in interstate commerce or had been produced using

3 materials which had been mailed or transported or shipped in

4 interstate commerce by any means including by computer.

file:///A|/HOLLAND.TXT

5        Third, that the production of the visual depiction

6 involved the use of a minor engaging in sexually explicit

7 conduct as those terms are defined in Title 18, United States

8 Code, Section 2256.

9        Now, those are the three elements that the

10 government would have to prove beyond a reasonable doubt; do

11 you understand that?

12        THE DEFENDANT:  Yes, Your Honor.

13        THE COURT:  Now I want to go over with you the

14 possible penalties here.  There are two kinds of penalties

15 with which we must concern ourselves.

16        The first are the so-called statutory penalties,

17 those that are set out in the United States Code, and they

18 call -- this particular offense calls for imprisonment of not

19 more than five years but if such person -- is there any prior

20 conviction here?

21        MR. PATTON: No, Your Honor.

22        THE COURT:  Imprisonment of not more than five

23 years, a fine of $250,000, a term of supervised release of

24 not more than three years or any or all of the above.

25        In addition, the Court has to impose a mandatory

file:///A|/HOLLAND.TXT

11

1 special assessment of $100 on this count; do you understand

2 that?

3       THE DEFENDANT:  Yes, Your Honor.

4       THE COURT:  That's what the statute says.

5       Have you and Mr. Patton talked about how the

6 sentencing guidelines might apply in your case?

7       THE DEFENDANT: Yes.

8       THE COURT: Do you understand that I won't be able

9 to determine the guideline sentence for your case until after

10 a presentence report has been completed and you and the

11 government have had an opportunity to challenge the facts

12 reported by the probation officer?

13       THE DEFENDANT:  Yes, Your Honor.

14       THE COURT:  Do you understand that the sentence

15 might be different from what either your attorney or the

16 United States Attorney predicted?

17       THE DEFENDANT:  Yes.

18       THE COURT:  Do you understand that after it has

19 been determined what guideline applies in a case, the judge

file:///A|/HOLLAND.TXT

20 has the authority, in some circumstances, to impose a

21 sentence that is more severe or less severe than the sentence

22 called for by the guidelines?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Do you understand that under some

25 circumstances, you or the government may have the right to

12

1 appeal any sentence that it might impose?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Do you understand that parole has been

4 abolished, and that if you are sentenced to prison, you would

5 not be released on parole?

6        THE DEFENDANT:  Yes.

7        THE COURT:  Ms. Holland, has anyone threatened you

8 or anyone else or forced you in any way to indicate you want

9 to plead guilty in this case?

10        THE DEFENDANT:  No.

11        THE COURT:  Have you made any confession or

12 admissions to the police or other representatives of the

13 government concerning this matter?  Maybe Mr. Patton can

14 answer that.

15        MR. PATTON:  Your Honor, Ms. Holland was

16 interviewed telephonically by Detective Richard Robinson

17 from, I believe, it's the Honolulu Police Department in

18 Hawaii.

19        She did make some incriminating statements in that

20 interview.

21        THE COURT: If for any reason you feel that any

22 statement was not freely and voluntarily made, you are

23 entitled to have an evidentiary hearing or what we sometimes

24 call a suppression hearing prior to trial to have the Court

25 determine that the confession or admission or statement was

13

1 freely and voluntarily made.

2        Would you wish me to conduct a hearing like that?

3        THE DEFENDANT:  No.

4        THE COURT:  I take it there has been a plea

5 agreement entered into between yourself and the government;

6 is that right?

file:///A|/HOLLAND.TXT

7        MR. PATTON:  Actually, there hasn't been although

8 it's a very forward straightforward case.  I believe the

9 guidelines will apply, and I believe that Ms. Holland will

10 get the benefit of the acceptance of responsibility due to

11 her plea.

12       MR. TRABOLD:  That's correct, Your Honor.

13       There is no written plea agreement, but obviously,

14 she will have the benefit of the reduction in the offense

15 level for acceptance of responsibility.

16       THE COURT:  Fair enough.

17       Has anyone predicted or promised leniency with

18 respect to the sentence, any sentence I might impose?

19       THE DEFENDANT:  No, Your Honor.

20       THE COURT: It's very important because if anyone

21 has predicted or promised leniency, I'm putting you on notice

22 right now that any representation that they have made is not

23 binding on me, and I will sentence you according to my own

24 conscience and following the law.

25       You completely understand this?

14

file:///A|/HOLLAND.TXT

1      THE DEFENDANT:  Yes.

2      THE COURT:  What made you decide to plead guilty,

3 Ms. Holland?

4      THE DEFENDANT:  Because I'm guilty.

5      THE COURT:  Did you discuss pleading guilty with

6 Mr. Patton?

7      THE DEFENDANT:  Yes, I did.

8      THE COURT:  I'm going to ask the government to tell

9 me what just what they would expect to be able to prove in

10 this case, and I'm going to ask if you agree with his

11 statement of what they could prove, and then I'll ask

12 Mr. Patton the same question.

13      MR. TRABOLD:  Your Honor, during the course of an

14 investigation into the welfare of Ms. Holland's children, the

15 issue of what may or may not be on Ms. Holland's computer

16 came up.  That investigation was conducted by the Honolulu

17 Police Department.  Ms. Holland consented to the seizure and

18 search of her computer and a forensic examination of that

19 computer revealed multiple images of children engaged in

20 sexually explicit activity.

21      Ms. Holland, as counsel has already indicated, was

file:///A|/HOLLAND.TXT

22 interviewed and did make incriminating statements about the

23 possession of those images on her computer.  That would

24 really be the sum and substance of the government's case.

25        THE COURT:  Is that a fair statement of what

                                15

1 happened, Ms. Holland?

2        MR. PATTON:  Your Honor, the only thing, it was

3 actually Mr. Holland that consented to the search and the

4 seizure of the computer, not Mrs. Holland. She was not in the

5 home at the time.

6        THE COURT:  Other than that, is that a fair

7 statement of what was in the computer?

8        THE DEFENDANT:  Yes.

9        THE COURT:  You knew what was in the computer?

10        THE DEFENDANT:  Yes.

11        THE COURT:  Reviewing all the things that we've

12 discussed here today, Ms. Holland, is it still your wish to

13 enter a plea of guilty and waive your right to a trial by

14 jury?

file:///A|/HOLLAND.TXT

15      THE DEFENDANT:  Yes, Your Honor.

16      THE COURT:  Mr. Patton, over what period of time

17 have you consulted with Ms. Holland?

18      MR. PATTON:  Since June of last year, Your Honor.

19      THE COURT:  From the facts that she has told you,

20 do you concur in her plea of guilty?

21      MR. PATTON: Yes, sir.

22      THE COURT:  Do you know of any reason that she

23 should not plea guilty?

24      MR. PATTON:  No, sir.

25      THE COURT: Do you have any question to ask me,

16

1 Ms. Holland?

2      THE DEFENDANT:  No, Your Honor.

3      THE COURT:  Well, since you do acknowledge that you

4 are, in fact, guilty as charged in the indictment and based

5 on our discussions today, I find that you know your right to

6 a trial, what the maximum possible punishment is, and that

7 you are voluntarily pleading guilty now.

8      I will accept your guilty plea and enter a judgment

file:///A|/HOLLAND.TXT

9 of guilty on your plea.

10      We note that Ms. Holland has now signed the plea

11 indicating that she now pleads guilty in open court this day,

12 January 28 of 2004, and that was countersigned by Mr. Patton,

13 her attorney.

14      I'm ordering a presentence report here,

15 Ms. Holland, and the gentleman sitting behind Mr. Trabold is

16 the probation officer who will be preparing that report.

17      I urge you to cooperate with him in furnishing the

18 information for that because the report will be important in

19 my decision as to what the sentence will be.

20      You and Mr. Patton, of course, have the right and

21 will have the opportunity to examine the report and comment

22 on it at the time of sentencing.

23      I think Magistrate Baxter had set the bond already

24 in this case, right?

25      MR. PATTON:  That's correct, Your Honor.


                                17


1      THE COURT:  I have been given a sentencing date

file:///A|/HOLLAND.TXT

2 here of May 17, 2004 at 1:30 p.m.  May 17, 2004, 1:30 p.m. I

3 would be usually sitting in this courtroom, but by then, we

4 may have moved again.  I don't know but it will be in this

5 courthouse anyway.

6        Court's in recess until May 17.

7        Present bond is continued, Ms. Holland.

8

9              * * * * *

10       I certify my original signature herein that the

11 foregoing is a correct transcript from the record of

12 proceedings in the above-entitled matter.

13

14
   _____
15                   Patricia Sherman
                     Official Reporter
16                   August 2, 2005

17

18

19

20
    ***** NOT CERTIFIED WITHOUT ORIGINAL SIGNATURE *****
21

22

23

file:///A|/HOLLAND.TXT

24

25